**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BARREN MAR THUNA,

        Plaintiff,

vs.

PHILLIP J. KOHN, *et al.*,

        Defendants.

Case No. 2:17-cv-02395-JAD-VCF

**ORDER AND REPORT AND RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 4), COMPLAINT (EFC NO. 1-1), AND MOTION TO AMEND COMPLAINT (ECF NO. 3)

Before the Court are Plaintiff Barren Thuna's application to proceed *in forma pauperis* (ECF No. 4), complaint (ECF No. 1-1), and motion to amend complaint (ECF No. 3). For the reasons stated below, Plaintiff's *in forma pauperis* application is granted. The Court grants Plaintiff's motion to amend and orders that the complaint be allowed to proceed. The Court also recommends that portions of Plaintiff's complaint be dismissed with prejudice.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief. Each is discussed below.

### I.    **Whether Plaintiff May Proceed *In Forma Pauperis***

Plaintiff's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Plaintiff's affidavit, he is incarcerated and does not receive money from any outside source

1

except for some money from his family. (ECF No. 4). Plaintiff's application to proceed *in forma pauperis* is, therefore, granted.

## II. Whether Plaintiff's Complaint States a Plausible Claim

### A. Plaintiff's Motion to Amend

Under Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course within 21 days after serving it." Plaintiff's complaint has yet to be filed or served in this case, so Plaintiff may amend his pleading as a matter of course. Therefore, Plaintiff's motion to amend is granted.

### B. Legal Standard for Reviewing the Complaint

Because the Court grants Plaintiff's application to proceed *in forma pauperis*, it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). The Court's decisions in *Twombly* and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Factual allegations are not entitled to the assumption of truth if they are conclusory or "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555).

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is plausible if the factual allegations which are accepted as true "allow[]

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. If the factual allegation, which are accepted as true, "do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### C. Claims Against Attorneys from the Public Defender's Office

Plaintiff's 42 U.S.C. § 1983 complaint alleges that the attorneys appointed to represent him in a criminal case pending in Justice Court violated his First, Fifth, Sixth, and Eighth Amendment rights by conspiring with the Judge and Clerk of Court to prevent Plaintiff from filing motions in his case. (ECF No. 1-1 at 4-8). Specifically, Plaintiff asserts he has attempted to personally file motions in his case and his appointed attorneys are "refusing to allow Mr. Thuna's legal motions to be filed by the Clark County Clerk of Courts and then further refusing to file them" on Plaintiff's behalf. (*Id.* at 4). Plaintiff also argues that EDCR 3.70, the rule preventing the Justice Court from accepting documents personally submitted by a defendant that is represented by counsel, violates due process and "automatically violates cruel and unusual punishment." (*Id.* at 8-9).

"Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law." *Lopez v. Armstread*, No. 3:13-CV-00294-MMD, 2015 WL 2194183, at *4 (D. Nev. May 11, 2015). The First Amendment prohibits

government actions abridging the right of people to "petition the Government for a redress of grievances." U.S. CONST. amend. I. "The right of access to the courts is…one aspect of the right of petition." *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). Under the Fifth Amendment,[1] "[n]o person shall be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. Criminal defendants are entitled to have the assistance of counsel. U.S. CONST. amend. VI. The Eighth amendment prohibits cruel and unusual punishment. U.S. CONST. amend. VIII. "Although the Attorney Defendants are themselves private actors, private parties who corruptly conspire with a judge in conjunction with the judge's performance of an official judicial act are acting under color of state law for the purpose of § 1983, even if the judge himself is immune from civil liability." *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996).

On its face, Plaintiff's complaint states a plausible claim for relief against the attorneys from the Public Defender's office. Plaintiff alleges these attorneys are conspiring with state officers to prevent Plaintiff accessing the court and obtaining due process, effectively denying Plaintiff the assistance of counsel and subjecting him to undue punishment, by enforcing an unconstitutional law and refusing to file motions on behalf of Plaintiff. Therefore, Counts 1-3 may proceed against the attorneys from the Public Defender's office.

### D. Claims Against the Justice Court Judge

Plaintiff asserts the same claims against the Justice Court Judge as he did against the attorneys from the Public Defender's office. (ECF No. 1-1 at 4-8). Judges are "absolutely immune from §1983

---

[1] While the Fifth Amendment generally applies only to the actions of the federal government, *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001), there are circumstances where courts find the Fifth Amendment "applies to the States by virtue of the Fourteenth Amendment," *Maryland v. Shatzer*, 559 U.S. 98, 103 (2010). For the purposes of screening this complaint, the Court will address Plaintiff's due process claims as though they were brought pursuant to the Fourteenth Amendment.

damage liability for acts committed within their jurisdiction."[2] *Miller v. Barilla*, 549 F.2d 648, 649 (9th Cir. 1977) *overruled on other grounds by Glover v. Tower*, 700 F.2d 556 (9th Cir. 1983); *see also Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). While "judicial immunity is not a bar to prospective injunctive relief," *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), in this case Plaintiff asks solely for monetary damages. (ECF No. 1-1 at 12). Each of Plaintiff's claims relate to acts within the Justice Court Judge's jurisdiction. Therefore, the Court recommends that Counts 1-3 against the Justice Court Judge be dismissed with prejudice.

### E. Claims Against the Clerk of Court

In Count 4, added by Plaintiff's motion to amend, Plaintiff asserts the Clerk of Court violated Plaintiff's Firth and Fifth Amendment rights by impermissibly delaying the filing of Plaintiff's motions or transferring motions to incorrect destinations. (ECF No. 3-1). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process" and do "not act in the clear absence of all jurisdiction." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Each of Plaintiff's claims relate to acts within the Clerk of Court's jurisdiction. Therefore, the Court recommends that Count 4 against the Clerk of Court be dismissed with prejudice.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint (ECF No. 3) is GRANTED.

---

[2] "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction," such as a probate judge who tries a criminal case. *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1389 (9th Cir. 1987).

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1) with the amendment found in Plaintiff's Motion to Amend Complaint (ECF No. 3-1). The Clerk shall issue summons to defendants Phillip J. Kohn, Quintin M. Dollente Jr., and Jeffrey S. Maningo, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to Plaintiff.

IT IS FURTHER ORDERED that the Plaintiff shall have 20 days to furnish to the U.S. Marshal the required USM-285 forms. Within 20 days after Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, Plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the Court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure 4(m), service must be accomplished within 90 days from the date the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, Plaintiff will serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

IT IS RECOMMENDED that Counts 1-3 against the Justice Court Judge and Count 4 of Plaintiff's complaint be DISMISSED WITH PREJUDICE.

# NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED and RECOMMENDED.

DATED this 23rd day of October, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE