# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Barren Mar Thuna, | Case No.: 2:17-cv-02395-JAD-VCF |
| Plaintiff | |
| v. | **Order** |
| Philip J. Kohn, et al., | [ECF Nos. 18, 38, 40] |
| Defendants | |

Pro se plaintiff Barren Mar Thuna brings this civil rights action alleging that his constitutional rights were violated when his attorneys at the Clark County Public Defender's office, the judge presiding over his prosecution, and the clerk of the justice court prevented him from filing motions "when he [was] on trial for criminal allegations punishable by life in prison."[1] In this order, I consider the magistrate judge's screening order,[2] Thuna's objections to his recommendations that I dismiss the claims against the judge and the clerk of court,[3] the public defenders' motion to strike a response brief,[4] and Thuna's request for an order directing the U.S. Marshal to attempt service on defendant Quintin Dollente, Jr. a fourth time. I adopt the recommendation and overrule Thuna's objections because they do not address the immunity issue, which is the fatal problem with his claims; deny the motion to strike Thuna's mistitled brief and afford the defendants the opportunity to file a reply in response; and deny the request to re-attempt service and give Thuna until July 16 to show cause why the court should not dismiss his claims against Dollente.

---

[1] ECF No. 8 at 5.
[2] ECF No. 7.
[3] ECF No. 18.
[4] ECF No. 40.

A.  **Motion to Reconsider Screening Order [ECF No. 18]**

Magistrate Judge Cam Ferenbach screened Thuna's complaint, and he recommends that I let the claims against the attorneys proceed, dismiss the claims against the justice court judge because they are barred by the judge's absolute immunity, and dismiss the claims against the court clerk because he enjoys quasi-judicial immunity.[5]  Thuna objects to the dismissal recommendations, arguing that he has the facts to support claims against the judge and the court clerk; he offers no discussion of immunity.[6]  I review those objected-to portions of the report and recommendation de novo, and I adopt its unchallenged aspects without further review.[7]

   1.  **Thuna's claims against the judge are barred by absolute judicial immunity.**

As the magistrate judge explained in his Order and Report and Recommendation, judges are "absolutely immune from § 1983 damage liability for acts committed within their jurisdiction."[8]  Judges have enjoyed this protection since 1869.[9]  It shields the judge even if "the

---

[5] ECF No. 7.

[6] ECF No. 18.  Although the time for objection originally passed without any filing by Thuna, I reopened the period for objection after he explained that he had sent one for filing but that it had gotten lost in the detention-facility mail.  ECF No. 14.

[7] *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citing 28 USC § 636(b)(1)(C) and holding that "the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise").

[8] ECF No. 7 (quoting *Miller v. Barilla*, 549 F.2d 648, 649 (9th Cir. 1977), *overruled on other grounds by Glover v. Tower*, 700 F.2d 556 (9th Cir. 1983)); *see also Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) ("It has long been established that judges are absolutely immune from liability for acts "done by them in the exercise of their judicial functions." (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall) 335, 347 (1871)).

[9] *See Pulliam v. Allen*, 466 U.S. 522, 545 (1984) (Powell, J., dissenting).

action he took was in error, was done maliciously, or was in excess of his authority."[10] A judge loses this protection "only when he has acted in the 'clear absence of all jurisdiction.'"[11]

Thuna's allegations against Judge Joseph Sciscento fall squarely within the sanctuary of judicial immunity. Thuna claims that the judge "knew or should have known that" Thuna "was being denied access to the court via withheld motions" and "allowed" Thuna's counsel to waive his rights "even though" Thuna "had verbally stated he did not wish to waive said rights."[12] These alleged acts plainly fell within the judge's jurisdiction, so the magistrate judge properly recommends that I dismiss Thuna's claims against Judge Sciscento. Thuna has not offered any valid basis for me to reject that recommendation, so I adopt it and dismiss Thuna's claims against the judge with prejudice because they are barred by absolute judicial immunity.

**2.    The claims against the court clerk are barred by quasi-judicial immunity.**

Nor has Thuna challenged the magistrate judge's conclusion that the Clerk of the Las Vegas Justice Court, Steven D. Grierson, is protected from Thuna's claims by quasi-judicial immunity. "Judicial or quasi-judicial immunity is not available only to those who adjudicate disputes in an adversarial setting. Rather, the immunity is extended in appropriate circumstances to non jurists 'who perform functions closely associated with the judicial process.'"[13] The Ninth Circuit held in *Mullis v. United States Bankruptcy Court for the District of Nevada* that "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."[14] Such tasks include, for example,

---

[10] *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).
[11] *Id.*
[12] ECF No. 8 at 7.
[13] *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002).
[14] *Mullis v. United States Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987).

3

maintaining case files, handling supersedeas bonds, scheduling and convening hearings, and docketing matters in the court filing system.[15]

Thuna argues in his motion for reconsideration that the clerk "is directly responsible for the actions of clerks acting on behalf of him. After plaintiff filed writs motions and notices all of which were disregarded put off deflected or caused to move around the courts departments and ultimately never forwarded or properly filed or heard set for hearing in the timely manner or with any type of discretion to thier [sic] priority or contents."[16] Thuna's clarification only serves to bolster the magistrate judge's recommendation for dismissal because the task of assigning motions, writs, and notices to the various departments of the court and scheduling them for hearing are plainly judicial functions. So, like Judge Sciscento, the court clerk is also entitled to immunity from Thuna's claims. I thus adopt Magistrate Judge Ferenbach's recommendation and dismiss Thuna's claims against Grierson with prejudice.

**B.     Motion to Strike Opposition to Summary-Judgment Motion [ECF No. 40].**

Before I consider defendants Phillip Kohn and Jeffrey Maningo's motion to dismiss,[17] I first address their motion to strike Thuna's filing entitled "Opposition to Motion for Summary Judgement."[18] In his opposition to the motion to dismiss,[19] Thuna states, among other things, that he needs an extra 60 days "to oppose the summary judgment and request to be allowed to survive."[20] There has been no summary-judgment motion in this case, so there was no need for

---

[15] *See in re Castillo*, 297 F.3d at 951–53 (collecting authorities).
[16] ECF No. 18 at 4.
[17] ECF No. 27.
[18] ECF No. 37 (opposition); ECF No. 40 (motion to strike).
[19] ECF No. 32.
[20] *Id*. at 3.

4

Thuna to provide an opposition to such a motion. I liberally assume that Thuna misconstrued Kohn and Maningo's motion to dismiss as one for summary judgment, and that his summary-judgment opposition is his substantive opposition to that motion to dismiss. Indeed, the magistrate judge granted Thuna extra time to provide that substantive response,[21] so I cannot conclude that his filing is a fugitive document that should be stricken. I thus deny the motion to strike Thuna's "opposition to motion for summary judgement" and construe it instead as an authorized, supplemental opposition to the Kohn and Maningo defendants' motion to dismiss. Because fairness dictates that Kohn and Maningo have to opportunity to respond to the substance of Thuna's erroneously framed opposition, I give them until June 27, 2018, to file their reply brief. No further briefing on the motion to dismiss[22] will be permitted.

**C.     Motion to Order Subpoena [ECF No. 38]**

Finally, I consider Thuna's request that the court send the U.S. Marshal out to attempt service on defendant Quintin M. Dollente Jr. a fourth time.[23] The three prior efforts were unsuccessful.[24] In the screening order, the magistrate judge explained, "If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the Court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure 4(m), service must be accomplished within 90 days from the date the complaint was filed."[25] The Marshal's most recent attempt at service on Dollente failed

---

[21] ECF No. 39.
[22] ECF No. 27.
[23] ECF No. 38.
[24] *See* ECF Nos. 11, 25, 36 (summonses returned unexecuted).
[25] ECF No. 7 at 6.

5

because Thuna did not provide an address for him. Thuna does not indicate in his motion that he has obtained a new address for Dollente or any additional information that would suggest that the fourth time would be any more successful than the last three attempts. He merely states that "an error occurred on the previous summons on the plaintiffs [sic] behalf,"[26] he doesn't say what that error was or how he intends to cure it. So I deny Thuna's request for an order allowing him to dispatch the U.S. Marshal to serve Dollente a fourth time.

Because it has been well over 90 days since the complaint was filed,[27] I order Thuna to show cause why his claims against Dollente should not be dismissed under Federal Rule of Civil Procedure 4(m) for failure to timely serve him.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

- Magistrate Judge Ferenbach's Order and Report and Recommendation **[ECF No. 7] is affirmed and ADOPTED**, and plaintiff's Motion for Reconsideration of that order and report **[ECF No. 18] is overruled and DENIED**. **All claims against defendants Joseph Sciscento and Steven D. Grierson are DISMISSED with prejudice** based on immunity;

- Defendants' Motion to Strike Plaintiff's Opposition to Motion for Summary Judgment **[ECF No. 40] is DENIED.** Defendants Kohn and Maningo have until June 27, 2018, to file a reply brief that responds to Thuna's arguments in ECF No. 37; and

---

[26] ECF No. 38 at 1.

[27] ECF No. 8 (filed by court order on 10/23/17).

- **Thuna has until July 16, 2018, to show cause by why his claims against Quintin Dollente should not be dismissed under Federal Rule of Civil Procedure 4(m). If Thuna fails to show cause by that date, the claims against Dollente will be dismissed and this case will be closed without further prior notice.**

Dated: June 18, 2018

                                                                  _____
                                                           U.S. District Judge Jennifer A. Dorsey